SEVERO BECERRIL, ET AL., Plaintiffs and Appellees, *v.* JOSÉ RODRÍGUEZ, ET AL., Defendants and Appellants.

No. 7801. Argued January 23, 1939.—Decided January 31, 1939.

*José S. Alegría* and *Dubón & Ochoteco,* for appellants. *Angel A. Vázquez,* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

After judgment for plaintiff was rendered in the case at bar on January 27, 1938, the defendants appealed to this Supreme Court. The record was filed on June 6, 1938. On

August 13 next, they prayed for a thirty day extension to file their brief. It was granted. On September 14 they successfully repeated their request. Again it was repeated on October 14 and November 14. Both times the request was allowed, but in the last instance the appellants were warned that new requests would only be granted under really meritorious circumstances.

Matters thus, on December 12, 1938, the appellees requested this Court not to grant further extensions of time on the ground that the appellants had been unjustifiably delaying the prosecution of the appeal. By order of the Court that motion was notified to the appellants on December 14, on which date said appellants filed a new motion for an extension of time, which was granted, as follows:

". . . with notice of the opposition previously filed by the plaintiffs, the extension of time in which to file the brief is hereby granted, but only until the 31st of this month."

In spite of the warning given them on November 14, 1938, the opposition by the other party, and the terms of the order of December 19, 1938, again the appellants, on December 30, prayed for an extension of fifteen days to begin on December 31st, in which to file their brief, setting forth as only grounds therefor the excessive amount of work in the hands of the attorneys.

The court denied the request on January 3, 1939, and on January 7, the appellees prayed for a dismissal for want of good faith and diligence in the prosecution of the appeal. On the 23rd of that same month the motion was called for hearing, and on that same day the appellants filed another motion objecting to the dismissal accompanied by their brief. They maintain that since it was filed in accordance with the decisions of this Court, the dismissal should not be granted because it appears from the brief that the appeal is meritorious. As a reason for the delay attorneys Dubón & Ochoteco state that they took no part in the trial of the case in the

court *a quo* and that they had to study the case from the transcript after the same had been filed.

From the rules of this Court we consider the following applicable to the consideration and decision of this case:

"42. Within ten days after the transcript of record has been filed in this Court, the attorney for the appellant shall file in court a typewritten or printed brief, in duplicate, which shall contain a true and concise statement of the case, as it appears in the record; also an assignment of errors upon which his appeal is based, and he shall in addition thereto comply with the law of procedure now in force."

"58. If the transcript of the record or the brief made by appellants be not filed within the time prescribed the appeal may be dismissed, on motion, after notice given. If the transcript, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion."

"60. Upon failure of the appellant to comply with any of these rules imposing any duty or requirement on him, or with the law, the Court may, on any day, dismiss the appeal upon its own motion or, after notice to the appellant, upon motion of the appellee." 17 P.R.R. LXXIV, LXXVI.

The strong desire of this Court has always been to decide the appeals on their merits, but the expediency of proceedings must be secured, and a party should not be allowed to voluntarily delay the prosecution of an appeal, to the prejudice of the other party. That is the reason for the rules.

The principle of Rule 58 has been extended so liberally to cases where briefs have not been presented, as to cover those in which they are filed after the motion to dismiss has been notified, but that point has been arrived in cases where a warning, an opposition and a refusal have not concurred, as happens in the instant case, and where the merits of the appeal were clearly set forth. An examination of the brief does not convey the idea of a really meritorious appeal, that raises serious doubts as to the justice of the judgment appealed from.

As to the circumstance that new attorneys took charge of the appeal, it will suffice to say that said new attorneys ap-

pear as such from the date of the first petition for an extension of time, that is, August 13, 1938, and that on that date the transcript of the evidence that was to serve as basis for the brief, had already been filed.

That being the case, the motion of the appellants is granted and the appeal dismissed.

Mr. Justice De Jesús took no part in the decision of this case.